FILED

2014 JAN 27 PM 4:12

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

1  RIDOUT LYON + OTTOSON, LLP
   CHRISTOPHER P. RIDOUT (State Bar No. 143931)
2      Email: c.ridout@rlollp.com
   CALEB MARKER (State Bar No. 269721)
3      Email: c.marker@rlollp.com
   555 E. Ocean Boulevard, Suite 500
4  Long Beach, CA 90802
   (562) 216-7380
5  (562) 216-7385 Facsimile

6  ZIMMERMAN REED, PLLP
   Bradley C. Buhrow (State Bar No. 283791)
7      Email: brad.buhrow@zimmreed.com
   14646 North Kierland Boulevard, Suite 145
8  Scottsdale, AZ 85254
   (480) 348-6400
9  (480) 348-6415 Facsimile

10 *Attorneys for the Plaintiff*

11              **UNITED STATES DISTRICT COURT**

12              **CENTRAL DISTRICT OF CALIFORNIA**

13 KYLE DILGER, on behalf of himself and   | Case No.: SACV 14-115- GAF (DFMt)
   all other similarly situated,
14
                                           | **COMPLAINT (CLASS ACTION)**
15            Plaintiff,
                                           | For Violations Of:
16       vs.
                                           | 1) Business and Professions Code
17 23ANDME, INC., a Delaware               |    §§17200 *et seq.*
   corporation,
18                                         | 2) Consumer Legal Remedies Act,
              Defendant.                   |    Civil Code §§1750 *et seq.*
19
                                           | (Jury Trial Demanded)
20

21      Plaintiff Kyle Dilger ("Plaintiff") brings this action, by and through his

22 undersigned counsel, on behalf of himself and all others similarly situated, based on

23 information and belief and the investigation of counsel, except for information based

24 on personal knowledge, and hereby alleges as follows:

25              **I.    NATURE OF ACTION**

26      1.    This is a consumer protection and false advertising class action.

27 Defendant 23andMe, Inc. ("Defendant" or "23andMe") markets, advertises, sells,

28 distributes, and processes a 23andMe Saliva Collection Kit and Personal Genome

1

Service (collectively, its "Product").  Specifically, Defendant mails a "DNA Spit Kit" to consumers across the United States that is to be returned to Defendant for DNA processing and analysis.

2.     Through this class action, Plaintiff challenges Defendant's unlawful and unfair business practice of distributing its Product to the public without disclosing that the products are not-FDA approved, misbranded, adulterated, and not known to be accurate.

3.     Such untrue, deceptive and misleading practices violate California's consumer protection laws and gives rise to claims under the Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq*., hereinafter referred to as the "UCL"), and the Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq*., hereinafter referred to as the "CLRA"). This Complaint alleges violations of California's Sherman Food, Drug and Cosmetic Act (California Health and Safety Code §§ 110100, *et seq.* ("Sherman Law") as predicate acts of a violation of Cal. Bus. & Prof. Code § 17200.

4.     At relevant times during the Class Period, Plaintiff purchased Defendant's Product online at Defendant's website, www.23andme.com.

5.     At the time of Plaintiff's initial purchase, Defendant did not disclose that the Product (1) was not approved by any governmental regulatory body, including, but not limited to, the Food and Drug Administration ("FDA") and the California Department of Health Services ("DHS"); (2) was misbranded under applicable law; (3) was adulterated under applicable law; and (4) that Defendant did not have analytical or clinical data to support the Products efficacy, making the Product's accuracy questionable   due to lack of proper testing (the "Material Omissions").

/ / /

/ / /

/ / /

6.      Due to Defendant's deceptive and misleading practices, Plaintiff, at the time of his purchase of Defendant's Product, was unaware of the Material Omissions listed in the preceding paragraph.  As a result, Plaintiff mistakenly believed that the Product was accurate and sanctioned by all applicable governmental regulatory bodies.

7.      As a result of the Defendant's unlawful conduct, Plaintiff, like other Class members, was deprived of the value of the product he purchased. As a result of the Defendant's unlawful conduct, members of the public were likely to be deceived.

8.      Had Plaintiff known of the Material Omissions, he would not have paid the premium price that he paid for the Product. To wit, Plaintiff paid approximately $207.00 for Defendant's Product at the time of his purchase in March 2012.

9.      Plaintiff detrimentally relied on Defendant's deceptive packaging and parted with his money as a result thereof causing financial loss and injury.  Based on the foregoing, and as described in greater detail below, this action seeks all remedies permitted by applicable law under the causes of action alleged herein.

## II.      JURISDICTION AND VENUE

10.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the proposed class has more than 100 members, the class contains at least one member of diverse citizenship from Defendant, and the amount in controversy exceeds $5 million.

11.      The Court has personal jurisdiction over Defendant because it resides in California and is authorized to, and conducts substantial business in, California, generally and this District, specifically.   Defendant has marketed, promoted, distributed, and sold the Products throughout California.

12.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events and omissions giving rise to this action occurred in this District as Defendant distributes the Products for sale within this District.

COMPLAINT (CLASS ACTION)

### III.   THE PARTIES

13.   Plaintiff Kyle Dilger is an adult individual who resides in Orange County, California.  He appears individually and on behalf of all those similarly situated as described herein.  He asserts all claims in this case on behalf of the Class defined below.

14.   Defendant 23andMe, Inc. is, and at all times mentioned herein was, a Delaware corporation, with its headquarters, principal place of business and nerve center at 1390 Shorebird Way, Mountain View, California 94043.   Defendant's agent for service of process in the State of California is Anne Wojcicki whose registered business address is also 1390 Shorebird Way, Mountain View, California 94043.  Defendant distributes the Products to consumers throughout California and throughout the United States.

### IV.   FACTUAL ALLEGATIONS

A.   Defendant's Product

15.   Throughout the Class Period, Defendant has marketed, advertised, sold, distributed, and processed its Product – the 23andMe Saliva Collection Kit and Personal Genome Service.  Defendant describes its Product as follows:

> The 23andMe Personal Genome Service is a comprehensive genetic scan of a subset of the SNPs (single nucleotide polymorphisms) in your genome which correspond to the SNP data being studied by the research community. Individuals provide saliva samples which are analyzed by our CLIA-certified laboratory, and the results are returned to your online account in approximately 6-8 weeks. 23andMe provides both health and ancestry information in a single service for a single price. In addition to the features below, you also have the ability to browse and download your raw genotyped data.

"FAQ: About the 23andMe Personal Genome Service" available online at <https://customercare.23andme.com/entries/22591668-About-the-23andMe-Personal-Genome-Service> (last accessed on December 4, 2013).

/ / /

/ / /

/ / /

16.     Upon information and belief, Defendant's Product is sold exclusively on its www.23andme.com website:



17.     Currently, the Product is sold at a price of $99.00, but was previously sold at significantly higher prices.

18.     Defendant's website states that "[g]etting started is simple" and outlines the process: (1) order the DNA spit kit; (2) register the DNA spit kit's bar code online; and (3) return the DNA spit kit to Defendant. "How It Works" available online at <https://www.23andme.com/howitworks> (last accessed on December 4, 2013).

19.     Defendant states that based on a consumer's DNA, it will "provide specific health recommendations" such as whether is a person is at risk of celiac disease (gluten sensitivity), whether you are a carrier for certain mutations that are passed on to children, or at risk for certain drug reactions. *Id.*

/ / /

/ / /

/ / /

/ / /

1        20.    Under the heading "Our technology and standards", Defendant states

2   the following:



16  *Id.* Notably, Defendant displays the logo of the Centers for Medicare and Medicaid

17  Services in the technology and standards section on its website.

18        21.    The Centers for Medicare & Medicaid Services ("CMS"), is a federal

19  agency within the United States Department of Health and Human Services that

20  administers  the  Medicare  program  and  works  in  partnership  with  state

21  governments to administer Medicaid.  In addition, CMS has other responsibilities,

22  including the administering clinical laboratory quality standards.

23        22.    Defendant states the following with regards to the quality of the

24  Product:

25  How well does the technology work?

26  The vast majority of the variants on our chip, especially those associated
    with our Health and specific Ancestry features, have a 98% or greater call
27  rate, meaning that the chip can provide accurate data for more than 98% of
    those  variants  in  any  particular  person.  Variants  for  which  a  confident
28  determination cannot be made are reported as "no calls." A small portion of
    variants,  including  those  on  the  sex  chromosomes  (X  and  Y)  and  the

mitochondrial DNA, are difficult to analyze because of biological issues (e.g. pseudogenes, DNA structure, and highly variable regions). These variants will typically have a lower call rate.

While we do not include genetic markers with low call rates in our Health reports, they are still valuable in our ongoing research efforts and so you may see information for some of them in your raw data.

"FAQ: About the 23andMe Personal Genome Service" available online at <https://customercare.23andme.com/entries/22591668-About-the-23andMe-Personal-Genome-Service> (last accessed on December 4, 2013).

23.     On information and belief, the actual DNA Spit Kit packaging is standard packaging that Defendant has distributed and continues to distribute for sale to the public throughout the State of California and the United States during the Class Period.  Plaintiff received the standard DNA Spit Kit after placing his order in March 2012.

B.     Defendant's Product is a Medical Device Requiring Premarket Approval

24.     Under both the FDCA and the Sherman Law, Defendant's Product is a "device" because it is intended for use in the diagnosis of disease or other conditions or in the cure, mitigation, treatment, or prevention of disease, or is intended to affect the structure or function of the body. *See* 21 U.S.C. §321(h) and California Health and Safety Code § 109920.

25.     Additionally, upon information and belief, Defendant's Product has been categorized by the FDA a Class III medical device.[1]

26.     As such, Defendant's Product is subject to premarket approval by FDA before the Product can be marketed in the U.S.

---

[1] *See* 21 U.S.C. §360c(a)(1)(C); *see also* FDA Warning Letter dated November 22, 2013, *available online at* <http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2013/ucm376296.htm> (last accessed December 4, 2013) ("Most of the intended uses for PGS listed on your website…are medical device uses under section 201(h) of the FD&C Act. Most of these uses have not been classified and thus require premarket approval…").

27. The premarket approval ("PMA") is the FDA process of scientific and regulatory review to evaluate the safety and effectiveness of Class III medical devices, such as Defendant's Product.

28. Due to the level of risk associated with Class III devices, the FDA has determined that general and special controls alone are insufficient to assure the safety and effectiveness of Class III devices.

29. Therefore, new Class III devices must clear FDA premarket review by either PMA[2] or through the "510(k) process."[3]

30. PMA is the most stringent type of device marketing application required by the FDA. The applicant must receive FDA approval of its PMA application prior to marketing the device. PMA approval is based on a determination by the FDA that the PMA contains sufficient valid scientific evidence to assure that the device is safe and effective for its intended use(s). An approved PMA is, in effect, a private license granting the applicant (or owner) permission to market the device.

31. The regulation governing premarket approval is located in Title 21 Code of Federal Regulations (CFR) Part 814, Premarket Approval.

32. A Class III device that fails to meet PMA requirements is considered to be adulterated under section 501(f) of the FDCA and cannot be marketed.

33. In addition to the PMA process, medical devices can receive FDA clearance through the premarket notification, or "510(k)" process.

34. Pursuant to the 510(k) process, FDA approval to market a device can be secured by submitting a premarket notification application which establishes that the device is "substantially equivalent" to a Class I or II device already on the market or a Class III device on the market prior to May 28, 1976.[4]

---

[2] 21 U.S.C. §§ 360c(a)(1)(C), 306e.
[3] 21 U.S.C. § 360c(f)(1); 360c(b)(1).
[4] *See* 21 U.S.C. § 360(i)(1)(A); 21 C.F.R. §§ 807.81, 807.87.

35.     Upon information and belief, Defendant submitted its first 510(k) applications for basic FDA approval on July 2, 2012 and September 4, 2012, but has yet to receive any clearance, approval, or certification from the FDA.

36.     On November 22, 2013, the Director of the FDA's Public Health Service issued a Warning Letter to Defendant, which stated, in relevant parts, as follows:

> "The [FDA] is sending you this letter because you are marketing the [Product] without marketing clearance or approval in violation of the [FDCA]
>
> …
>
> Most of the intended uses for [the Product] listed on your website… are medical device uses under section 201(h) of the [FDCA]. Most of these uses have not been classified and thus require premarket approval or de novo classification, as FDA has explained to you on numerous occasions.

FDA Warning Letter dated November 22, 2013, *available online at* <http://www.fda.gov/ICECI/EnforcementActions/WarningLetters/2013/ucm376296.htm> (last accessed December 4, 2013).

37.     The Warning Letter further noted that:

> Some of the uses for which PGS is intended are particularly concerning, such as assessments for BRCA-related genetic risk and drug responses (e.g., warfarin sensitivity, clopidogrel response, and 5-fluorouracil toxicity) because of the potential health consequences that could result from false positive or false negative assessments for high-risk indications such as these. For instance, if the BRCA-related risk assessment for breast or ovarian cancer reports a false positive, it could lead a patient to undergo prophylactic surgery, chemoprevention, intensive screening, or other morbidity-inducing actions, while a false negative could result in a failure to recognize an actual risk that may exist.

*Id.*

38.     In addition, the Warning Letter noted that after years of exchanges, the FDA still has no "assurance that [Defendant] has analytically or clinically validated the [Product] for its intended uses, which have expanded from the uses that the firm identified in its submissions." *Id.*

39.   Rather, as of January 9, 2013, Defendant was "'completing the additional analytical and clinical validations for the tests that have been submitted' and [was] 'planning extensive labeling studies that will take several months to complete.'" *Id.*

40.   Upon information and belief, to date, Defendant has not satisfied any of the Premarket approval requirements for its Product, as Defendant's 510(k) applications are currently considered withdrawn and Defendant has failed to provide adequate information to support a determination that the Product is substantially equivalent to a legally marketed predicate device for any of the uses for which the Product is currently marketed.

41.   In all, Defendant has been marketing, selling, and distributing the Product to Plaintiff and Class members for a number of years without the required Premarket approval.

42.   Defendant omits the following from its website, 23andMe.com, and the packaging of its DNA spit kit:

   a. that Defendant's Product is a medical device, which is not approved by any governmental regulatory body, including, but not limited to, the CMS, the FDA, and DHS;

   b. that Defendant's product is misbranded under applicable law, including, but not limited to, 21 U.S.C. § 352(o), and California Health and Safety Code §§ 111330;

   c. that Defendant's product is adulterated under applicable law, including, but not limited to, 21 U.S.C. § 351(f)(1)(B);

   d. that Defendant's Product is not known to be accurate;

   e. that Defendant's Product may report inaccurate results;

   f. that Defendant's Product may report false positives or false negatives; and

g.  that Defendant's Product was subject to an on-going governmental investigation.

43.   On information and belief, the 23andMe website described in the paragraphs has been materially consistent throughout the Class Period.

44.   Plaintiff reviewed the www.23andMe.com website before placing his purchase in March 2012.

45.   As a result, Plaintiff and other Class members were unaware of the material omissions identified in Paragraph 5 above.

C.   Plaintiff's Claims Are Predicated On Violations of California's Sherman Food, Drug, and Cosmetic Law

46.   The FDCA includes an explicitly preemption provision in the form of section 360k(a), which provides:

> [N]o State or political subdivision of a State may establish or continue in effect with respect to a device intended for human use any requirement- 1) which is different from, or in addition to, any requirement applicable under this chapter to the device, and 2) which relates to the safety or effectiveness of the device or to any other matter included in a requirement applicable to the device under this chapter.

47.   Although section 360k speaks in terms of what states may *not* do, by negative implication, section 360k also expresses what state *may* do, i.e., states *may* establish their own requirements pertaining to a requirement for a medical device so long as the state's requirements are identical to the requirements of the FDCA.

48.   As provided below, Plaintiff's claims are predicated on, among other things, Defendant's violations of California's Sherman Food, Drug, and Cosmetic Law.

49.   The sections of the Sherman Law Plaintiff claims Defendant violated as predicates violations of the UCL parallel the federal requirements under the FDCA.

50.     Plaintiff is not seeking to enforce, or to restrain violations of the FDCA. Rather, Plaintiff's claims are predicated on California state laws establishing independent state requirements identical to the requirements imposed by the FDCA, something Congress explicitly approved in section 360k of the FDCA.

51.     As such, Plaintiff's claims are not preempted by federal law.

## V.     INJURY AND DAMAGE

52.     By selling the Product exclusively through its own website, Defendant ensured that Plaintiff and all Class members would be subject to the same material representations and omissions.

53.     Plaintiff and the members of the Class suffered actual and direct injury, incurred damage and financial loss as a result of Defendant's conduct complained of herein.  Among other things, Plaintiff and the Class paid a premium price for the 23andMe Product purchased the Product unaware of the material omissions identified in Paragraph 5.

54.     Had Plaintiff known of the material omissions identified in Paragraph 5, he would not have paid the premium price that he paid.  Rather, he would have paid less money for the Product and/or purchased a substitute Product.  By omitting said information, Defendant injured Plaintiff and the members of the Class, caused them damage and caused them to incur out-of-pocket financial loss.

## VI.     CLASS ACTION ALLEGATIONS

55.     Plaintiff seeks relief in his individual capacity and seeks to represent a class consisting of all others who are similarly situated.  Pursuant to Fed. R. Civ. P. 23(a) and (b)(2) and/or (b)(3), Plaintiff seeks certification of a class initially defined as follows:

> All persons residing in the United States who purchased Defendant's 23andMe Saliva Collection Kit and Personal Genome Service from the *www.23andMe.com* website at any time during the Class Period (hereinafter, the "Class").

COMPLAINT (CLASS ACTION)

The "Class Period" dates back four years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was commenced and continues through the present and the date of judgment. Specifically excluded from the Class are: (a) any officers, directors or employees of the Defendant; (b) any judge assigned to hear this case (or spouse or immediate family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case; and (e) any attorneys' of record and their employees.

56.   **Numerosity of the Class.**   Members of the Class are so numerous that their individual joinder herein is impracticable.  The precise number of members of the Class and their addresses are presently unknown to Plaintiff, but is believed to exceed 1,000 people.

57.   **Ascertainable Class.** The proposed Class is ascertainable from objective criteria.

58.   **Common Questions of Fact and Law Exist and Predominate over Individual Issues.**  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members of the Class.   These common legal and factual questions include without limitation:

      a) Whether Defendant's failure to inform Plaintiff and Class members that the Product is adulterated under applicable law constitutes a material omission likely to deceive a consumer;

      b) Whether Defendant's failure to inform Plaintiff and Class members that the Product is misbranded under applicable law constitutes a material omission likely to deceive a consumer;

      c) Whether Defendant's failure to inform Plaintiff and Class members that the Product is not known to be accurate and/or may

report false positives or false negatives constitutes a material omission likely to deceive a consumer;

d) Whether Defendant violated California Civil Code §§ 1750, *et seq.* by omitting that the Product did not have the previously specified sponsorship, approval, characteristics, uses, or benefits.

e) Whether Defendant violated California Business and Professions Code §§ 17200, *et seq.;* and

f) Whether Plaintiff and Class members sustained injury and damages resulting from Defendant's conduct and, if so, the proper measure of damages, restitution, equitable, or other relief, and the amount and nature of such relief.

59. **Typicality.** Plaintiff's claims are typical of the claims of members of the Class. Typical of other class members, Plaintiff purchased Defendant's Product using Defendant's www.23andMe.com website. Plaintiff and the Class members each sustained damages arising from Defendant's common course of wrongful conduct, as alleged more fully herein. Plaintiff's claims are founded on the same legal theories as those of the Class. The effort Plaintiff undertakes to pursue his own claim will significantly benefit the Class members because of the identical nature of the issues across the Class.

60. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interest of the members of the Class. Plaintiff shares a common interest with the Plaintiff Class members, with respect to the conduct of the Defendant herein and redress of injury. Plaintiff has suffered an injury-in-fact as a result of the conduct of the Defendant, as alleged herein. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex consumer fraud, mass tort and class actions. Plaintiff and his counsel intend to prosecute this action vigorously and faithfully for the benefit of the Class

members.  Plaintiff has no interests contrary to the class members, and will fairly and adequately protect the interests of the Class.

61.    **Community of Interest.**   The proposed Class has a well defined community of interest in the questions of fact and law to be litigated.  The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses.  The named Plaintiff has claims typical of the Class members.   Without limitation, as a result of Defendant's conduct alleged herein, Plaintiff was: (a) injured; (b) deprived of the value of the products that he bargained for; and (c) sustained pecuniary loss in an ascertainable amount to be proven at the time of trial.

62.    **Superiority of Class Adjudication.** The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Moreover, there are Class members who are unlikely to join or bring an action due to, among other reasons, their reluctance to spend large sums of time and money to recover what may be a relatively modest individual recovery. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the class members in relationship to the benefits received.  The damages, restitution and other potential recovery for each individual member of the Class are modest given the low-purchase price of the consumer products at issue, relative to the substantial burden and expense of individual prosecution of these claims. Given the amount of the individual Class members' claims, few, if any, Class members could or would afford to seek legal redress individually for the wrongs complained of herein.  Even if the members of the Class themselves could afford individual litigation, the court system could not.  Individualized litigation presents a potential for inconsistent or contradictory judgments.   Individualized

1  litigation increases the delay and expense to all parties and the court system
2  presented by the complex legal and factual issues of the case. By contrast,
3  the class action device presents far fewer management difficulties, and
4  provides the benefits of single adjudication, economy of scale, and
5  comprehensive supervision by a single court.

6       63.    In the alternative, the above-referenced Class may be certified
7  because:

8       a) The prosecution of separate actions by the individual members of
9          the Class would create a risk of inconsistent or varying
10         adjudication with respect to individual Class members' claims
11         which would establish incompatible standards of conduct for
12         Defendant;

13      b) The prosecution of separate actions by individual members of the
14         Class would create a risk of adjudications which would as a
15         practical matter be dispositive of the interests of other members of
16         the Class who are not parties to the adjudications, or which would
17         substantially impair or impede the ability of other Class members
18         to protect their interests; and,

19      c) Defendant has acted or refused to act on grounds generally
20         applicable to the Class, thereby making appropriate final and
21         injunctive relief with respect to the Class.

**VII.   CLAIMS FOR RELIEF**

**COUNT I - UNFAIR AND DECEPTIVE PRACTICES**

**(Violation of the California Consumers Legal Remedies Act)**

25      64.    Plaintiff fully incorporates by reference herein all of the above
26  paragraphs, as though fully set forth herein.

27      65.    This cause of action is brought pursuant to the California Consumers
28  Legal Remedies Act, Cal. Civ. Code §§1750, *et seq.* (the "CLRA").

66.     Defendant's actions, representations, and conduct have and continue to be subject to the CLRA because they extend to transactions that are intended to result, or that have resulted, in the sale of goods to consumers.

67.     Plaintiff and the proposed Class members are "consumers" within the meaning of Cal. Civ. Code §1761(d).

68.     Defendants are "persons" as defined by Cal. Civ. Code §1761(c).

69.     Defendants sold to Plaintiff and other Class members its Product which is a good within the meaning of California Civil Code §1761(a).   The goods at issue were purchased by Plaintiff and the Class for personal and/or household use.

70.     By engaging in the deceptive acts and practices set forth in this complaint, Defendant violated, and continues to violate Sections 1770(a)(5) and(9) of the CLRA, which expressly prohibit:

(5)     Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have; and

(9)     Advertising goods or services with intent not to sell them as advertised.

71.     Specifically, Defendant violated, and continues to violate, Section 1770(a)(5) of the CLRA by omitting Defendant's failure to obtain FDA approval of the device at the time of purchase and the other material omissions identified in Paragraph 5.

72.      Defendant also violated, and continues to violate, Section 1770(a)(5) of the CLRA by representing that its Product has sponsorship, approval or is otherwise endorsed by the CMS, FDA and/or DHS when, in fact, it does not.

73.     In addition, Defendant violated, and continues to violate Section 1770(a)(9) of the CLRA by advertising the Product on its website and product packaging without the intent to sell it as advertised.

74.    Plaintiff justifiably relied on Defendant's conduct, causing him injury. Plaintiff paid a premium price for the Product that he purchased without any knowledge of the material omissions identified in Paragraph 5. Plaintiff was injured in fact and lost money as a result of Defendant's conduct of improperly advertising the Product through misleading packaging.

75.    Defendant has engaged and continues to engage in the above-described conduct that is prohibited by the CLRA. Plaintiff and the Class members have suffered, and continue to suffer, harm and actual and direct injury as a proximate result of the violations of law and wrongful conduct of Defendant as alleged herein.

76.    Pursuant to CLRA §1782, Plaintiff provided written notice to Defendant of the asserted violations of CLRA §1770 and demanded that Defendants rectify the conduct described above.  Plaintiff mailed said notice to Defendant via certified mail, return receipt requested, on January 23, 2014.  This notice and demand notified Defendant of its above mentioned violations of the CLRA that harmed Plaintiff and the members of the Class of consumers that Plaintiff represents, and demanded that Defendant cease engaging in and remedy the violations.

77.    As of today, Defendant continues to violate the CLRA as specified above.

## COUNT II - UNFAIR AND DECEPTIVE PRACTICES
### Violation of California Business & Professions Code §§17200, *et seq.*

78.    Plaintiff fully incorporates by reference all of the above-stated paragraphs, as though fully set forth herein.

79.    The Unfair Competition Law, Bus. & Prof. Code §§17200, *et seq.* prohibits unfair competition, defined as "any unlawful, unfair *or* fraudulent business act or practice."   Under the statute there are three varieties of unfair competition: practices that are unlawful, unfair or fraudulent, each of which is

separately and independently actionable.   Here, Plaintiff's UCL claims are only predicated solely on Defendant's "unlawful" conduct.  Plaintiff's UCL claim is not based on the fraudulent or unfair prong of the UCL.

80.   Defendant has engaged in unlawful business acts and practices in violation of Section 17200 of the Business and Professions Code, and which included, but are not limited to:

    a. Defendant made, or caused to be made, untrue and misleading material omissions regarding its Product as more fully described above, in violation of Civil Code 1770(a)(5); and

    b. Defendant made, or caused to be made, untrue and misleading material omissions regarding its Product as more fully described above, in violation of Civil Code 1770(a)(9).

81.   Defendant has further engaged in unlawful business acts and practices in violation of Section 17200 of the Business and Professions Code by violating sections of California's Sherman Act, California Health & Safety Code §§110100 *et seq.*, which protects consumers against the misbranding, adulteration, and mislabeling of, among other things, drugs and devices.

82.   Specifically, Defendant's actions described above violated sections of the Sherman Act, which include, but are not limited to:

    a. Defendant made, or caused to be made, untrue and misleading representations regarding its Product in its marketing and advertising in violation of California Health & Safety Code §§110390, 110395, and 110398;

    b. Defendant made, or caused to be made, untrue and misleading representations regarding its Product in its marketing and labeling in violation of California Health & Safety Code §§111330, 111440, and 111445;

c. Defendant marketed, sold, advertised, or otherwise placed into the stream of commerce, a new device, as that term is defined by both the FDCA and the Sherman Law, which required premarket approval before being marketed or sold in the US, in violation of California Health & Safety Code §111550.

83. The conduct of Defendant as set forth above demonstrates the necessity for granting injunctive relief restraining such and similar acts of unfair competition pursuant to California Business and Professions Code Section 17203 and 17535. Unless enjoined and restrained by Order of this Court, Defendant will retain the ability to, and may engage in, said acts of unfair competition and misleading packaging.

84. As a result of the above-stated conduct, on behalf of the Class, Plaintiff seeks injunctive relief, restitution, disgorgement of ill-gotten gains, attorneys' fees, and all other remedies and relief that may be permitted by law and equity.

## VIII. PRAYER FOR RELIEF

WHEREFORE, on behalf of himself and the Class, Plaintiff prays for judgment as follows:

A. For an order certifying that the action may be maintained as a class action and appointing Plaintiff and his undersigned counsel to represent the Class in this litigation;

B. For an order declaring that the acts and practices of Defendants constitute violations of California Business & Professions Code §17200, *et seq.* and California Civil Code §1750, *et seq.*

C. For restitution of monies wrongfully obtained and/or disgorgement of ill-gotten revenues and/or profits;

D.    For a permanent injunction enjoining Defendant from continuing to harm Plaintiff and the members of the Class, and the public, and violating California law in the manners described above;

E.    For actual damages;

F.    For reasonable attorneys' fees and the costs of the suit; and

G.    For all such other relief as this Court may deem just and proper and may be available at law or equity.

## IX. DEMAND FOR TRIAL BY JURY

Plaintiff seeks a trial by jury for all appropriate issues on each and every cause of action in this Complaint that allows for it.

Respectfully submitted,

RIDOUT LYON + OTTOSON LLP

Dated: January 22, 2014      By:

Christopher P. Ridout (State Bar No. 143931)
Caleb Marker (State Bar No. 269721)
555 E. Ocean Boulevard, Suite 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7385 Facsimile

Bradley C. Buhrow (State Bar No. 283791)
ZIMMERMAN REED, PLLP
14646 North Kierland Boulevard, Suite 145
Scottsdale, AZ 85254
(480) 348-6400
(480) 348-6415
brad.buhrow@zimmreed.com

*Attorneys for Plaintiff*

COMPLAINT (CLASS ACTION)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Gary A. Feess_____ and the assigned Magistrate Judge is _____Douglas F. McCormick_____ .

The case number on all documents filed with the Court should read as follows:

## SACV14-115-GAF(DFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

January 27, 2014
_____
Date

By _Rhonda Masrshall_____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☑ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| KYLE DILGER, on behalf of himself and all other similarly situated, | ) ) ) |
| _Plaintiff(s)_ | ) ) ) |
| v. | ) ) Civil Action No. |
| 23ANDME, INC., a Delaware corporation, | ) ) SACV 14-115 GAF (DFMx) |
| | ) ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_   23andMe, Inc.
1390 Shorebird Way
Mountain View, California 94043

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Christopher P. Ridout, Esq
Caleb Marker, Esq.
RIDOUT LYON + OTTOSON, LLP
555 E. Ocean Blvd., Ste. 500
Long Beach, CA 90802
(562) 216-7380

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: 1-27-14

Signature of Clerk or Deputy Clerk

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____            _____
                                          *Server's signature*

                                  _____
                                          *Printed name and title*

                                  _____
                                          *Server's address*

Additional information regarding attempted service, etc:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>KYLE DILGER, on behalf of himself and all other similarly situated, | DEFENDANTS<br>23ANDME, INC., a Delaware corporation, |
|---|---|
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Christopher P. Ridout, Esq. (SBN 143931), Caleb Marker, Esq. (SBN 269721)<br>Ridout Lyon + Ottoson, LLP. Add: 555 E. Ocean Blvd., Ste., 500, Long Beach, CA 90802, Tel: (562) 216-7380; Fax: (562) 216-7385 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ 5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332 (d); Consumer protection class action

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☑ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

SACV 14-115

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b).  RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c _is_ present.

**IX. VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange county | Delaware corporation, with its headquarters, principal place of business and nerve center at 1390 Shorebird Way, Mountain View, California 94043 |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| orange County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date  January 22, 2014

**Notice to Counsel/Parties:**  The CV-71 (JS-44)  Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |